# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

EDWARD O'HARA,
    *Appellant-Debtor*,

    v.

No. 3:18-cv-01899 (JAM)

ROBERTA NAPOLITANO *et al.*,
    *Appellees.*

## ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

Appellant-debtor Edward O'Hara co-signed a mortgage with Francis O'Hara in 2006.

Under the terms of the agreement, Edward O'Hara would not be personally liable in the event of

a default on the loan. When he declared bankruptcy a decade later, the bank noticed a claim

against Edward O'Hara based solely on the mortgage. The United States Bankruptcy Court

eventually dismissed his case, *see* Doc. #127 to *In re O'Hara*, No. 16-51249 (Bankr. D. Conn.

2018) (Manning, C.J.), then denied his subsequent motion to reopen, *see* Doc. #146 to *id.*, and

then denied his motion for reconsideration of that denial, *see* Doc. #149 to *id.* O'Hara now

appeals from that final order denying reconsideration of his motion to reopen. Doc. #1. For the

reasons stated herein, I will affirm the Bankruptcy Court's order.

### BACKGROUND

In 2006, Edward O'Hara and Francis O'Hara jointly signed a mortgage for property in

Greenwich, Connecticut in 2006. Doc. #10-2 at 12, 23. The mortgage secured payment for a loan

of nearly $700,000, *id.* at 11, and Francis O'Hara alone signed a separate promissory note

pledging to pay that amount back to the lender, *see id.* at 4, 8. The lender and mortgagee was an

entity named "MORTGAGEIT, INC." *Id.* at 8, 10. In relevant part, the mortgage provided that

anyone who co-signed the mortgage but who did *not* sign the promissory note agreed "only to

mortgage . . . the co-signer's interest in the property," and that a co-signer was "not personally obligated to pay the sums secured by" the mortgage. *Id.* at 19.

Ten years later, Edward O'Hara filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court on September 19, 2016. *See* Doc. #1 to *In re O'Hara*, No. 16-51249 (Bankr. D. Conn. 2017). As part of the bankruptcy proceeding, Ocwen Loan Servicing—purporting to work on behalf of creditor U.S. Bank National Association, as Trustee for the Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-12N ("Lehman XS")—filed a proof of claim for the mortgaged Greenwich property. *See* Doc. #10 at 6; Doc. #10-1 at 4-6.

O'Hara made various challenges to this claim in the Bankruptcy Court. As one piece of evidence among many, O'Hara filed with the Bankruptcy Court the affidavit of securities attorney Martin Mushkin, and with it an attestation from the Securities and Exchange Commission (SEC). *See* Doc. #91 at 45-49 to *In re O'Hara*, No. 16-51249 (Bankr. D. Conn. 2017). On January 24, 2018, the Bankruptcy Court dismissed O'Hara's Chapter 13 case, and in the same ruling, overruled O'Hara's objections to the Lehman XS claim. The Bankruptcy Court ruled in relevant part:

> **ORDERED:** Pursuant to Fed. R. Bankr. P. 3001(f), "[a] proof of claim executed and filed in accordance with.. [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." The burden of persuasion under the bankruptcy claims procedure always lies with the claimant, who must comply with Fed. R. Bankr. P. 3001 by alleging facts in the proof of claim that are sufficient to support the claim. If the claimant satisfies these requirements, the burden of going forward with the evidence then shifts to the objecting party to produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. In re Jorczak, 314 B.R. 474, 481 (Bankr. D. Conn. 2004) (internal citations omitted). The Creditor satisfied the requirements of the Bankruptcy Rules and therefore, the burden shifted to the Debtor to overcome the prima facie validity and amount of the claim. The Debtor has not put forth sufficient evidence to rebut the Creditor's claim and therefore Objections to Claim No. 6 are

OVERRULED and Claim No. 6 is deemed to be an allowed secured claim in accordance with 11 U.S.C. § 502.

Doc. #127 to *id.*

O'Hara filed a motion for reconsideration on February 2, 2018. Doc. #131 to *id.* The Bankruptcy Court denied this motion on February 9, 2018. Doc. #133 to *id.* The Bankruptcy Court then closed O'Hara's case on February 28, 2018.

Several months later, O'Hara moved the Bankruptcy Court to reopen his case on August 30, 2018, Doc. #136 to *id.*, and amended his motion to reopen three times, *see* Docs. ##140, 144, 145 to *id.* The third amended motion to reopen argued that the proof of claim was fraudulent for several reasons: (1) because O'Hara had not signed the promissory note, such that "the mortgagee has no claim whatsoever" on the debtor, Doc. #145 at 1 to *id.*; (2) because new evidence from SEC filings showed that "at least five (5) other securitized REMIC trusts are claiming an ownership interest" in the loan, such that the claim by the "putative creditor" must be "a forgery and [is] most likely fraudulent," *id.* at 2; (3) because "SEC filings of ownership" showed that the original mortgagee had not validly assigned the mortgage, *id.* at 4; and (4) because the loan servicing company for the creditor was not registered or licensed in the State of Connecticut as a consumer debt collector, such that the documents submitted in support of the claim by the loan servicing company "are void and judgments rendered on using them as evidence are void," Doc. #145 *id.* at 5.

On October 15, 2018, the Bankruptcy Court denied the third amended motion to reopen by means of the following docket order:

> **ORDER DENYING THIRD AMENDED MOTION TO REOPEN DEBTOR'S CHAPTER 13 CASE:** On September 19, 2018, the Debtor filed a Third Amended Motion to Reopen Debtor's Chapter 13 Case (the "Motion," ECF No. 145) arguing that newly discovered information

showed evidence of fraud. After reviewing the Motion and the record in the Debtor's case, it is hereby

**ORDERED:** The Motion is DENIED. No cause has been shown to grant the relief requested. See, 11 U.S.C. § 350(b).(RE: 145). Signed by Chief Judge Julie A. Manning on October 15, 2018. (Rai, Sujata) (Entered: 10/15/2018).

Doc. #146 to *id.*

On October 23, 2018, O'Hara filed a motion for reconsideration of the Bankruptcy

Court's October 15 order. This motion for reconsideration focused solely on the first of the

arguments raised in the third amended motion to reopen: that the proof of claim was false or

fraudulent because "the debtor is not personally obligated on the mortgage if he has not signed

the NOTE, but has only co-signed the MORTGAGE." Doc. #148 at 1 to *id.*

On November 9, 2018, the Bankruptcy Court denied the motion for reconsideration by

means of the following docket order:

> **ORDER DENYING MOTION TO RECONSIDER DEBTOR'S THIRD AMENDED MOTION TO REOPEN:** On September 19, 2018, the Debtor filed a Third Amended Motion to Reopen Debtor's Chapter 13 case (the "Motion to Reopen", ECF No. 145), arguing that newly discovered information showed evidence of fraud. On October 15, 2018, the Court entered an Order Denying the Motion to Reopen (the "Order", ECF No. 146), because no cause has been shown to grant the relief requested. On October 23, 2018, the Debtor filed a Motion to Reconsider the Order Denying the Motion to Reopen (the "Motion to Reconsider," ECF No. 148), arguing, again, that newly discovered information showed evidence of fraud. After reviewing the Motion and the records in the Debtor's case, it is hereby
>
> **ORDERED:** The Motion to Reconsider is **DENIED** for no cause shown. See, 11 U.S.C. § 350(b) and Federal Rules of Bankruptcy Procedure 9024.
>
> On or before 4:00 PM November 9, 2018 the Clerk's Office shall serve this Order on Edward James O'Hara the Pro Se filer/litigant, via first class mail to the address listed on the Pro Se filer/litigant's petition. Signed by Chief Judge Julie A. Manning on November 9, 2018. (Senteio, Renee) (Entered: 11/09/2018)

Doc. #149 to *id.*; Doc. #1-1.

O'Hara has now appealed to this Court. Although O'Hara's notice of appeal designates only the Bankruptcy Court's order denying reconsideration as the order from which he appeals, Doc. # 1, I will construe it to include as the subject for appeal not only the Bankruptcy Court's denial of his motion for reconsideration but also its denial of his third amended motion to reopen. *See Elliott v. City of Hartford*, 823 F.3d 170, 172-73 (2d Cir. 2016) (*per curiam*) (discussing rule of liberal interpretation for notices of appeal filed by *pro se* litigants).

## DISCUSSION

A district court has appellate jurisdiction over a final judgment or order of a bankruptcy court. *See* 28 U.S.C. § 158(a)(1). The standards governing the Court's exercise of that jurisdiction are well-established. The Court reviews the Bankruptcy Court's findings of fact for clear error and legal conclusions *de novo*, *see Maverick Long Enhanced Fund, Ltd. v. Lehman Bros. Holdings Inc.*, 594 B.R. 564, 567 (S.D.N.Y. 2018), and reviews a denial of a motion to reopen or for reconsideration for abuse of discretion, *see Davidson v. AMR Corp.*, 566 B.R. 657, 665 (S.D.N.Y. 2017).

O'Hara first and principally argues that Ocwen's claim was fraudulent because O'Hara did not sign the promissory note that was associated with the mortgage. According to O'Hara, because he did not sign the mortgage, he "has no obligation to pay and the mortgagee has no claim whatsoever" on him. Doc. #10 at 7.

In Connecticut, a promissory note and a mortgage securing it are separate instruments with separate purposes. *See New Milford Sav. Bank v. Jajer*, 244 Conn. 251, 266 (1998). The note creates and governs the contractual right to a certain sum of money from a person, while the

mortgage creates and governs the equitable right to foreclose on a property in the event of a default on the obligation created by the note. *See JP Morgan Chase Bank v. Winthrop Props.*, 312 Conn. 662, 673-74 (2014). "Upon a mortgagor's default on an underlying obligation, the mortgagee is entitled to pursue various remedies against the mortgagor including its remedy at law for the amount due on the note, its remedy in equity to foreclose on the mortgage, or both remedies in one consolidated cause of action." *Id.* at 673.

The mortgage states that, as a non-signatory to the note, Edward O'Hara is not personally liable on the debt to the lender but nonetheless remains subject to the mortgage. And the U.S. Supreme Court has recognized that a creditor's mortgage interest in a property's title is itself a valid claim for purposes of the Bankruptcy Code, even if a debtor's personal responsibility for repayment of the note has been discharged or otherwise extinguished. *See Johnson v. Home State Bank*, 501 U.S. 78, 84-85 (1991).[1] Accordingly, because the property interest that O'Hara mortgaged remains the valid subject of a bankruptcy claim, there is no merit to O'Hara's argument that the claim was somehow fraudulent because of the fact that O'Hara was not liable on the separate promissory note.

O'Hara further argues, essentially, that the proof of claim against him is fraudulent because Lehman XS does not actually have any rights to the mortgage at issue. Doc. #10 at 8-9.[2]

---

[1] Even though *Johnson* involved personal liability that had been extinguished through a prior Chapter 7 bankruptcy, the Supreme Court made clear its ruling was not limited to that context, and analogized the Chapter 7 posture of the loan before it to "nonrecourse loan agreements where the creditor's only rights are against property of the debtor, and not against the debtor personally"—loans that clearly fell within the scope of claims under the Bankruptcy Code. 501 U.S. at 86.

[2] O'Hara further argues that Ocwen "was not the loan servicer" at the time of the filing of an unspecified complaint in another case in 2013, or at the time an affidavit was submitted by an unspecified party in an unspecified case in 2015. Doc. #10 at 8. The record does not reflect that O'Hara made this argument in any of his motions to reopen, or in his motion for reconsideration of the denial of his third amended motion to reopen, *see* Docs. ##136, 140, 144, 145, 148 to *In re O'Hara*, No. 16-51249 (Bankr. D. Conn. 2018). I will therefore not consider the argument, which is raised for the first time on appeal. *See Rte. 21 Assocs. of Belleville, Inc. v. MHC, Inc.*, 486 B.R. 75, 83 (S.D.N.Y. 2012), *aff'd sub nom. In re Lyondell Chemical Co.*, 542 Fed. Appx. 41 (2d Cir. 2013).

I understand these contentions to raise arguments O'Hara made in his third amended motion to reopen: that other creditors' supposed claims to the mortgage and allegedly defective assignment indicate that Lehman XS asserts a defective or fraudulent claim. In support of this argument, O'Hara cites the Mushkin affidavit and associated attestation from the SEC. *See* Doc. #10 at 8; Doc. #10-2 at 42-46. He also cites another attestation from the SEC, produced on December 14, 2018, and describing files related to Lehman XS from 2007. *See* Doc. #10 at 9; Doc. #10-2 at 48-52.

I will not consider the second attestation. My review is limited to the record before the Bankruptcy Court. *See Maiman v. Spizz*, 554 B.R. 604, 617 (S.D.N.Y. 2016) ("the district court may not consider evidence outside the record below"). This appeal was filed on November 21, 2018, *see* Doc. #1, and so the second attestation (dated in December 2018) is necessarily outside the record.

The Mushkin affidavit and the associated SEC attestation do not persuade me that the Bankruptcy Court abused its discretion, especially in light of the evidence before the Bankruptcy Court when it denied O'Hara's motion to reopen. To begin with, the Mushkin affidavit and SEC attestation were not before the Bankruptcy Court in connection with any of O'Hara's motions to reopen, nor with O'Hara's motion for reconsideration. *See* Docs. ##136, 140, 144, 145 to *In re O'Hara*, No. 16-51249 (Bankr. D. Conn. 2018). The only evidence directly before the Bankruptcy Court in connection with O'Hara's third amended motion to reopen were copies of the note and mortgage. *See* Doc. #145 at 8-14 to *id.* That may be because the Bankruptcy Court had already reviewed the Mushkin affidavit and the associated SEC attestation when it initially ruled on O'Hara's challenge to the proof of claim, and found the evidence supporting O'Hara's challenge to be insufficient. *See* Doc. #91 at 45-49 to *id.*, Doc. #127 to *id.*

O'Hara has not given me any reason to conclude that the Bankruptcy Court clearly erred or abused its discretion in its evaluation of the affidavit, which merely makes statements about records pertaining to the mortgage and Lehman XS but does not make any suggestions as to the truth or falsity of the Lehman XS claim. *See* Doc. #91 at 45-46 (¶¶ 4-6) to *id.* The Bankruptcy Court based its denial of O'Hara's motion to reopen on O'Hara's motion and its review of the case record. Because O'Hara did not present the Bankruptcy Court with evidence supporting this argument in favor of reopening the case, and because O'Hara has not shown that Bankruptcy Court relied on a clearly erroneous factual determination, there is no basis to conclude that the Bankruptcy Court abused its discretion when it denied the motion to reopen. I will therefore affirm the orders of the Bankruptcy Court.

## CONCLUSION

For the reasons set forth above, the orders of the Bankruptcy Court are AFFIRMED. O'Hara's motions for stay of the state court action (Doc. #16) and clarification of stay (Doc. #15) are DENIED as moot. The Clerk shall close this case.

It is so ordered.

Dated at New Haven this 10th day of May 2019.


/s/*Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge